

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Lacy v. Natl RR Passenger

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lacy v. Natl RR Passenger" (2007). *2007 Decisions*. Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-40                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3374
_____

ALVIA LACY,
                              Appellant

v.

NATIONAL RAILROAD PASSENGER CORPORATION

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 06-cv-00068)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 1, 2007

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed: November 26, 2007)
_____

OPINION
_____

PER CURIAM

     Appellant, Alvia Lacy, filed an employment discrimination suit in the United

States District Court for the District of Delaware against her employer, the National

Railroad Passenger Corporation ("Amtrak"). The District Court granted Amtrak's motion for summary judgment, and Lacy now appeals pro se and in forma pauperis. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Lacy, an African-American woman, has worked for Amtrak since 1983 and is employed at its maintenance facility in Bear, Delaware. After receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), she filed a pro se complaint against Amtrak alleging racial and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. Specifically, she claimed that Amtrak improperly denied her a promotion to a management position, subjected her to a hostile working environment, and retaliated against her for filing previous job discrimination claims. She also challenged Amtrak's decision to deny her relief pursuant to a 1999 settlement of a class action suit alleging racial discrimination in promotions. The District Court granted Amtrak's motion for summary judgment, concluding that some of Lacy's claims were time barred and that she failed to demonstrate a genuine issue of material fact as to any of her timely claims. Lacy now appeals that decision.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to grant summary judgment is plenary. Turner v. Hershey Chocolate U.S.A., 440 F.3d 604, 611 (3d Cir. 2006). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

2

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When determining whether a genuine issue of material fact exists, we must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

First, we agree with the District Court that the claims which are based on events that occurred prior to May 8, 2004 are time barred. A Title VII plaintiff in a "deferral state" such as Delaware must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful conduct. See 42 U.S.C. § 2000e-5(e); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000); Ohemeng v. Delaware State Coll., 643 F. Supp. 1575, 1580 (D. Del. 1986). The record indicates that Lacy filed a charge with the EEOC on March 4, 2005. She has provided no evidentiary support for her claim that she filed a charge on July 21, 2004. Accordingly, she is barred from challenging any of the hiring decisions that took place prior to May 8, 2004. Nor may she proceed with her claim that Amtrak improperly denied her relief pursuant to the class action settlement, as the alleged wrongdoing took place prior to December 31, 2003, which was the deadline

3

for obtaining relief under the consent decree.[1]

As to Lacy's claims challenging Amtrak's hiring decisions, the District Court correctly determined that she did not make a prima facie showing of discrimination under the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  To establish a prima facie case of racial discrimination in hiring, she must show, inter alia, that she was "qualified for a job for which the employer was seeking applicants."  Id. at 802.  Lacy indicated in her filings that she was challenging ten hiring decisions, five of which took place during the limitations period.  For the reasons given in the District Court's opinion, we conclude that the record establishes that Lacy did not meet the qualifications for any of these five jobs.  Furthermore, even assuming that Lacy could establish a prima facie case of discrimination, summary judgment would still be appropriate because she did not address the legitimacy of Amtrak's nondiscriminatory reasons for the hiring decisions.  See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

We also agree with the District Court's reasons for granting summary judgment on Lacy's hostile work environment claim.  As the District Court explained, Lacy failed to show that she suffered intentional discrimination because of her race or sex, which she was required to do in order to establish a hostile work environment claim under Title VII.  See Andreoli v. Gates, 482 F.3d 641, 643 (3d Cir. 2007).  The District Court focused its

---

[1] Assuming arguendo that the challenged conduct occurred within the limitations period, summary judgment on this claim would still be appropriate because Lacy did not address Amtrak's nondiscriminatory reasons for withholding the desired relief.  These reasons are detailed in the letter from class counsel to Lacy dated April 26, 2004.

analysis on two discrete incidents of verbal harassment that allegedly occurred during the limitations period and properly concluded that Lacy did not sufficiently demonstrate that the offending behavior amounted to intentional discrimination under Title VII. Specifically, she did not submit evidence from which a reasonable factfinder could infer that the incidents of verbal harassment were motivated by animus towards Lacy's race or gender. The co-worker affidavits submitted by Lacy, which do not refer to specific instances of harassment and merely set forth conclusory statements regarding discriminatory motive, are insufficient to withstand the summary judgment motion. See Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002).

Finally, we agree that summary judgment was appropriate as to the retaliation claim. "To establish discriminatory retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995). A plaintiff may establish the requisite causal connection by showing a close temporal proximity between the protected activity and the alleged retaliatory conduct, or by submitting "circumstantial evidence . . . that give[s] rise to an inference of causation." Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007). The District Court acknowledged that Lacy engaged in activities protected under Title VII by joining the class action suit filed against Amtrak in 1998 and filing a federal job discrimination suit in 1999. However, the District Court properly

determined that Lacy did not submit any evidence in support of her belief that there was a nexus between her protected activities and the alleged adverse actions that occurred in 2004. Thus, there is no genuine issue as to whether the alleged misconduct amounted to discriminatory retaliation.

For the foregoing reasons, we conclude that the appeal is without arguable merit. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).